**MONROE PARK APARTMENTS CORP., a corporation of the State of Delaware, Defendant Below, Appellant,**

v.

**Dorothy M. BENNETT, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 6, 1967.

Edmund D. Lyons and Eduard F. von Wettberg, III, of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellant.

John M. Bader and Sheldon N. Sandler, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal raises the question of the duty of the landlord of a multi-apartment building, in the absence of statute or agreement, to remove natural accumulations of ice or snow from a walkway designed and used for the ingress and egress of tenants.

### I.

Considering the facts in the light most favorable to the plaintiff, as we must

on this appeal from the denial of the defendant's motion for summary judgment,[1] the facts may be summarized as follows:

The plaintiff, Dorothy M. Bennett, was a tenant in a multi-apartment building, part of an apartment complex, owned and operated by the defendant Monroe Park Apartments Corp. On January 2, 1964, while on the way from her apartment building to her automobile parked at the curb, the plaintiff slipped and fell on a natural accumulation of snow or ice on the paved walkway leading from the building to the curb. The snow-fall had stopped several days earlier. The walkway was the only route provided for ingress and egress between the front of the apartment building and the curb, a distance of approximately 37 feet. The point of the plaintiff's fall was in the intersection of the walkway (4 feet wide) with the public sidewalk (5 feet wide) abutting the property. The sidewalk area had been dedicated to public use and conveyed to the State Highway Department as part of the dedication of the abutting street when the apartment complex was constructed in 1951.[2] The Highway Department immediately disclaimed responsibility for maintaining that portion of the dedicated area provided for the sidewalk. From the outset, the defendant maintained the sidewalk and kept it clear of ice and snow. Except for the segment within the dedicated area, the walkway was on the defendant's property.

The plaintiff brought this action for injuries sustained as the result of her fall, claiming that the defendant was negligent in permitting the accumulation of the ice or snow that caused her fall. The defendant moved for summary judgment, asserting that the accident occurred on the abutting public sidewalk, as to which it had no duty regarding natural accumulations of ice and snow, citing Massey v. Worth, 9 W.W. Harr. 211, 197 A. 673 (1938). The Superior Court denied summary judgment and the defendant appeals.

## II.

There is division among the authorities, in the absence of statute or agreement, regarding the landlord's duty of care as to natural accumulations of snow or ice in approaches and passageways retained in the the landlord's control for the common use of tenants. In earlier cases, some courts concluded that the landlord's duty of due care with respect to such areas did not extend to the removal of natural accumulations of snow and ice. This view was apparently based upon the idea that such duty subjected the landlord to an unreasonable burden of vigilance and care. More recently, however, there has been a clear trend away from this view. The modern approach to the question imposes upon the landlord the obligation of reasonable care as to natural accumulations of snow or ice in common approaches and passageways over which the landlord has retained control to the exclusion of the tenants. This has become the majority position in view of the widespread development of apartment complexes and the availability of modern snow and ice removal devices; also because there appears to be no logical reason for differentiating, as to such areas, between dangerous conditions caused by natural accumulations of ice or snow and other dangerous conditions not caused by the landlord. See Annotation at 97 A.L.R. 220 (and earlier Annotations cited therein) and 26 A.L.R.2d 610. The earlier restrictive doctrine is said to "involve the fixing of arbitrary standards of care in a way that is disappearing generally throughout the field of negligence. * * * most courts apply the ordinary tests of negligence to these as well as to other sources of danger." 2 Harper

---

1. Although the denial of summary judgment is not appealable ordinarily, this appeal is deemed proper because substantial legal questions as to the duty of the defendant were determined by the judgment below. Hessler, Inc. v. Farrell, Del., 226 A.(2d) 708 (1967).

2. The dedication was made under 1935 Del. C. § 5794; compare 9 Del.C. § 2510.

and James, The Law of Torts, § 27.17. See also Prosser on Torts (3rd Ed.) p. 420; 41 Colum.L.Rev. 349 (1941).

■ In our opinion, the ordinary standards of due care and the usual tests of negligence should apply to the problem now before us. Under modern conditions, we see no valid reason for excepting this field of the law of negligence from the usual controlling guidelines. We approve and adopt the majority rule. Thereunder, we hold that a landlord owes to his tenants the duty of reasonable care as to natural accumulations of ice and snow in common approaches and passageways, over which he has retained control to the exclusion of the tenants, so as to make such areas reasonably safe. Thus, we agree in principle with the rule adopted by the Superior Court in Young v. Saroukos, Del., 185 A.2d 274 (1962), aff'd 189 A.2d 437 (1963).

### III.

In the instant case, the defendant does not question the doctrine we here approve; but it argues that the rule is inapposite in this case because the portion of the crosswalk in which the plaintiff slipped and fell was also part of the public sidewalk; that the defendant did not have exclusive control over that segment because some measure of control rested in the State Highway Department by reason of the dedication of the ground to public use; that, therefore, the defendant had no duty of care for removal of snow and ice from the part of the walkway here in controversy.

■ The fallacy of the defendant's position lies in its emphasis upon *exclusive* control as between the landlord and someone other than the tenant. We see no basis, in reason or authority, to require such exclusive control as the premise of the rule here

adopted.[3] The test is whether the control was actual, not whether it was exclusive. Unquestionably, control may be actual though joint.

■ Viewing the facts in the light most favorable to the plaintiff, the conclusion is inescapable that at the time of the accident the defendant had actual control of the segment of the public sidewalk which constituted a component part of the approach to the apartment house. The State Highway Department had expressly disclaimed control and the defendant had actively exercised control over the segment for more than 13 years. The fact that a small segment of the walkway lay within the dedicated area did not, in our judgment, absolve the defendant from the duty it otherwise had of exercising reasonable care in maintaining the entire walkway in a reasonably safe condition for the use of its tenants.

■ We conclude, therefore, that this case is one for trial of the issue of reasonable care; and if there is any dispute of fact as to the actual control of the defendant over the segment of public sidewalk here involved, that too, of course, may be settled by the trier of fact.

Throughout the defendant's argument runs the thread of the contention that no distinction may be made between the defendant's duty to a tenant and its duty to a stranger-pedestrian, citing Massey v. Worth, supra, and MacGregor v. Tinker Realty Co., 37 N.J.Super. 112, 117 A.2d 45 (1955). We do not here decide the extent of the landlord's duty to the public at large; our holding is confined to the duty the landlord owed to its tenant under the circumstances of this case.

Accordingly, the denial of the defendant's motion for summary judgment is affirmed.

---

**3.** In support of exclusive control as prerequisite to liability, the defendant puts misplaced reliance upon Young v. Saroukos, supra. The reference there to exclusive control [185 A.2d 282] pertained to landlord *vis à vis* tenant. In that sense, the control in the instant case was likewise exclusive.