Helene HOFFMAN, Plaintiff,

v.

**J.M.B. RETAIL PROPERTIES, CO., a foreign corporation, Defendant,**

v.

**STRAWBRIDGE & CLOTHIER, a corporation doing business within the State of Delaware, Third Party Defendant.**

Civ. A. No. 92–06–JLL.

United States District Court,
D. Delaware.

March 25, 1993.

---

(a) the needs of the interstate and international systems,
 (b) the relevant policies of the forum,
 (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
 (d) the protection of justified expectations,
 (e) the basic policies underlying the particular field of law,
 (f) certainty, predictability and uniformity of result, and
 (g) ease in the determination and application of the law to be applied.
*Travelers Indemnity Co.,* 594 A.2d at 47. In applying the "most significant relationship test," Delaware courts place considerable emphasis on "the place where the injury occurred" and "the place where the conduct causing the injury occurred." *Id.* at 47. Moreover, the Delaware Supreme Court has directed Delaware courts to apply the law of the state where the injury occurred unless another state has a more significant relationship to the occurrence and the parties. *Id.* Application of the "most significant relationship test" to the present case indicates that Danish law would govern because both the injury and the allegedly tortious conduct occurred in Denmark.

Robert Burton Coonin of Berkowitz, Schagrin, Coonin & Cooper, P.A., Wilmington, DE, and Nicholas J. Emper of Eckell, Sparks, Levy, Auerbach, Monte & Moses, Media, PA, of counsel, for plaintiff.

John A. Elzufon and Myra V. Blasius of Elzufon, Austin & Drexler, Wilmington, DE, for defendant.

Susan L. Parker of Smith, Katzenstein & Furlow, Wilmington, DE, for third party defendant.

**OPINION**

LATCHUM, Senior District Judge.

## I. *BACKGROUND*

Defendant, J.M.B. Retail Properties Company ("JMB") has brought this motion seeking summary judgment (Docket Item ["D.I."] 32) against plaintiff, Helene H. Hoffman, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff commenced this action on January 3, 1992 seeking compensatory damages for injuries she received on January 3, 1990 when she allegedly "fell on the raised pavement at an entrance" to the Strawbridge & Clothier ("S & C") Department Store at the Concord Mall in Wilmington, Delaware. (D.I. 1 at ¶¶ 5 & 6.) Plaintiff's complaint alleges that her fall was the "result of the negligence of the defendants".[1] (D.I. 1 at ¶ 8.) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Defendant, JMB, is the present owner of the property referred to as the Concord Mall, and was the owner at the time of Ms. Hoffman's alleged fall. S & C leases its premises at the Concord Mall from JMB, pursuant to a lease agreement (the "lease") entered into by S & C and JMB's predecessor in interest, "Concord Mall", on or about November 25, 1981.[2] That lease agreement

---

1. Plaintiff originally named both S & C and JMB as defendants in this action. However, defendant, S & C, and plaintiff were both citizens of Pennsylvania. Thus the presence of S & C destroyed diversity of citizenship thereby depriving this Court of jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. As a result, the parties stipulated to the dismissal with prejudice of S & C, and on February 18, 1992, this Court granted an order in accordance with that stipulation. (D.I. 8.) On February 27,

1992, JMB filed a third party complaint against S & C seeking contribution and/or indemnification, making S & C a third-party defendant in this action. (D.I. 11.) This Court has jurisdiction over the third-party action pursuant to 28 U.S.C. § 1367.

2. In December, 1984 JMB Group Trust III purchased the Concord Mall and became the successor to the lease agreement entered into between S & C and the Concord Mall. (D.I. 33 at 5.)

(the "lease") was in effect at that time of plaintiff's accident. (D.I. 33 at 5.)

JMB contends that S & C, not JMB, controlled the area in which plaintiff's injury occurred. Defendant, therefore, argues that it had no duty to plaintiff and is thus entitled to summary judgment. (D.I. 33 at 3.) Plaintiff argues that summary judgment should be denied because a genuine issue of material fact exists as to whether JMB or S & C controlled the area where the injury occurred. (D.I. 35 at 1.) For the reasons stated below, this Court will grant summary judgment to defendant, JMB.

## II. *CHOICE OF LAW*

 A Federal District Court sitting in diversity must apply the choice of law rules of the state in which it sits to determine which state's substantive law governs the controversy before it. *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Therefore, this Court must apply the State of Delaware's choice of law rules. In determining choice of law in tort actions, Delaware has adopted the "most significant relationship test" of the Restatement (Second) of Conflicts §§ 6, 145, 146. *Travelers Indemnity Co. v. Lake*, 594 A.2d 38, 44–47 (Del.Supr.1991).[3] In applying the "most significant relationship test," Delaware courts place considerable emphasis on "the place where the injury occurred" and "the place where the conduct causing the injury occurred." *Id.* at 47. Moreover, the Delaware Supreme Court has directed Delaware courts to apply the law of the state

where the injury occurred unless another state has a more significant relationship to the occurrence and the parties. *Id.* Since both the injury and any alleged negligence which may have caused it occurred in Delaware, application of the "most significant relationship test" to the present case indicates that Delaware law would govern. In addition, none of the parties have argued, nor does this Court suggest, that any other state might have a more significant relationship to the occurrence or to the parties than Delaware. Thus, Delaware's choice of law rules mandate that Delaware substantive law governs the issues in this case.

## III. *DISCUSSION*

 Delaware law is clear on the subject of a landlord's duty to third-party business invitees. In *Craig v. A.A.R. Realty Corp.*, 576 A.2d 688 (Del.Super.1989), *aff'd*, 571 A.2d 786 (Del.Supr.1990), the Delaware Superior Court reiterated the traditional test for determining landlord liability:

The traditional test for the [sic] determining liability of a landowner/landlord to third party business-invitees for injuries sustained on the premises is ... whether the landowner/landlord had control of the premises. [Citations omitted.] Control in the context of the duty owed by a landlord means the "authority to manage, direct, superintend, restrict or regulate." [Citation omitted.]

In Delaware, the imposition of a duty upon the landowner/landlord requires "actual control" of the premises. *Monroe Park Apartments Corp. v. Bennett*, 232 A.2d 105, 108 (Del.Supr.1967).[4] Neither

---

3. Under the "most significant relationship test," six factors are considered in determining choice of law:
 (a) the needs of the interstate and international systems,
 (b) the relevant policies of the forum,
 (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
 (d) the protection of justified expectations,
 (e) the basic policies underlying the particular field of law,
 (f) certainty, predictability and uniformity of result, and
 (g) ease in the determination and application of the law to be applied.

*Travelers Indemnity Co.*, 594 A.2d at 47.

4. The *Craig* opinion contained a footnote at this point, in which Judge Poppiti confirmed that Delaware would not follow other jurisdictions in departing from the common-law principle of actual control. Judge Poppiti's footnote stated:

While I am mindful that other jurisdictions have taken an approach different from the traditional concept of control under common-law landlord-tenant principles ... [citation omitted], I am convinced that the determination of a duty on the landlord in Delaware depends upon the principle of actual control as declared in *Monroe, supra*.

the right to inspect the premises by the landlord, [citations omitted] nor the reservation of a right to inspect coupled with the right to take control under certain circumstances amounts to control.

*Craig* at 695.

JMB contends that Ms. Hoffman's fall took place on the premises which were leased to S & C and that those leased premises were not under JMB's control, but were, instead, under the control of S & C. In support of its contention that it did not have control of the premises leased to S & C, JMB has offered, as evidence, relevant sections of the lease and the "Construction Operation and Reciprocal Easement Agreement" which state, *inter alia*, that S & C has the duty of repair and maintenance for the leased premises.[5]

Plaintiff apparently agrees that it was S & C's responsibility to repair and maintain the premises that it leased from JMB and that S & C, not JMB, therefore controlled the area leased by S & C (the "demised premises" or "S & C leasehold") since plaintiff has offered neither argument nor evidence to the contrary. Thus, it is presently undisputed that JMB did not control the area which comprised the S & C leasehold and therefore, JMB cannot be found liable to plaintiff if her injury occurred within the S & C leasehold since Delaware law does not impose upon landlords a duty to third-party business invitees in the absence of "actual control" of the premises.

It is apparently also undisputed that JMB maintains and controls certain common areas

of the mall such as the parking lot. (D.I. 33 at 12.) Thus, if plaintiff's injury occurred in such a common area, JMB could be found liable for her injuries. Plaintiff's sole argument, at this point, in opposition to defendant's motion for summary judgment, is that the area in which she fell was not within the S & C leasehold parcel but was instead within that common area maintained by JMB. Thus, at present, the only issue before this Court is whether there is sufficient evidence for a jury to find that the area in which Ms. Hoffman fell was not within the S & C leasehold parcel.

In contending that there exists a genuine issue of material fact concerning whether the area in which she fell was within S & C's leasehold or whether it was in a common area of the mall controlled by JMB, plaintiff has unfortunately misunderstood the standard for summary judgment. While plaintiff claims a genuine issue of material fact exists, she offers no evidence to support it. More importantly, plaintiff has offered no evidence to refute the evidence offered by JMB establishing that the area of injury was within S & C's control.

JMB has offered the following evidence to show that the steps on which plaintiff fell were a part of the S & C leasehold and thus were within the area controlled by S & C:

1. The affidavit of JMB employee, Joseph Manning who has been the Operations Manager of the Concord Mall since September, 1986, stating, among other things,

---

5. In addition, JMB submitted Article 14 of the lease which contained an indemnification provision, by which S & C agreed to indemnify JMB for any liability it might incur on account of, among other things, accident, injury, or damage to person or property which occurred within the demised premises as well as for liability arising from any failure of the tenant to perform or comply with any part of the lease. JMB submitted this section of the lease as additional evidence that it was not intended to have and did not have control of the premises. Plaintiff's brief in opposition to defendant's motion for summary judgment, however, is predominantly addressed to this indemnification clause. (D.I. 35.) Plaintiff's main argument is that "the indemnification clause under Article XIV of the lease is an insufficient ground on which to grant defendant's Motion for Summary Judgment." (D.I. 35 at 2.) The Court sees no reason to address this argu-

ment, since the Court is not using the indemnification clause as the grounds for granting summary judgment. This Court is granting defendant's motion for summary judgment on the grounds that defendant was not in control of the area in which the accident occurred, and thus, under Delaware law owed no duty to the plaintiff. The indemnification clause, like every other clause in the contract submitted for this Court's consideration, was introduced as evidence on the issue of actual control of the S & C leasehold not as grounds for summary judgment in and of itself. In addition, that evidence is almost irrelevant, since plaintiff has never disputed that defendant did not have control over the S & C leasehold, thus, control of the S & C leasehold is not an issue in this case. The only issue in this case stems from plaintiff's contention that the area of injury was outside the demised premises.

that the "sidewalk and stairway located at the north entrance of the S & C store at the Concord Mall [the place where Ms. Hoffman fell] are not maintained by JMB, but are part of the S & C leasehold interest." (D.I. 34 at A–29.)

2. A diagram of the S & C lease parcel, apparently prepared by Vandemark & Lynch, Inc. Engineers and Surveyors, dated November 9, 1981, which shows the steps where plaintiff fell as a part of the S & C leasehold interest. (D.I. 36 Exhibit A.)

3. The deposition testimony of S & C employee, John C. Quigley, who has been the risk and safety manager for that department store for the last eight and half years, stating, that while he was unaware of whether or not the S & C cleaning crew took care of the area in which the accident took place, if there were debris blocking the steps in question, his crew would take care of it. (D.I. 34 at A–30—A–33.)

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The appropriate inquiry is whether there is a need for a trial. "In other words, [are] there any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In a motion for summary judgment it is the party seeking summary judgment who bears "the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The Supreme Court has clearly held, however, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2511. (Citation omitted.) The standard for summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." *Id.* at 250, 106 S.Ct. at 2511.

The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Justice White, writing for the Court, clarified the standard as follows:

> If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict— "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." (Citations omitted; emphasis in original.)

*Id.* at 252, 106 S.Ct. at 2512. Highly relevant to the disposition of this case is the fact that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon a motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552.

In the present case, defendant, JMB, has offered unrefuted evidence that the property which comprised the S & C leasehold was not in the control of JMB, and unrefuted evidence that the area in which plaintiff fell was within the leasehold parcel of S & C. In producing this *unrefuted* evidence, JMB has discharged its burden in this motion for summary judgment. As the Supreme Court stated in *Celotex*, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325, 106 S.Ct. at 2554.

Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" *Anderson v. Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2511, there is clearly no issue for trial in this case. Delaware law requires that for liability to be imposed on a landlord, the landlord must have "actual control" of the premises. Thus, under Delaware law a verdict for plaintiff would require a finding that the area in which plaintiff fell was within JMB's control. Given the undisputed contention that the S & C leasehold was not within JMB's control, a verdict for plaintiff in this case would require a finding that plaintiff's fall took place outside of the area of the S & C leasehold. Plaintiff has offered no evidence to support such a finding. As stated *supra*, defendant, on the other hand, has offered unrefuted evidence, in the form of the affidavit of Joseph Manning and the surveyor's map of the lease parcel, that plaintiff's fall occurred within the S & C leasehold interest.

In summary, plaintiff's contention that "a genuine issue of material fact exists as to what constitutes the 'demised premises'" (D.I. 35 at 2) is without merit and is premised on a misunderstanding of the standard for summary judgment. In order for there

to be a genuine issue of material fact "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512.[6] Given the unrefuted evidence presented by defendant in this case, no reasonable juror could find that plaintiff's fall occurred in an area which defendant controlled. Absent such a finding, Delaware law mandates that JMB is not liable to plaintiff. Thus, defendant, JMB, is entitled to summary judgment as a matter of law.

## IV. CONCLUSION

For the reasons set forth above, this Court will grant defendant JMB's motion for summary judgment. A judgment will be entered forthwith in accordance with this opinion.[7]

---

**6.** The text of Rule 56 itself states that plaintiff cannot rest on a mere allegation or denial. The Rule states in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed.R.Civ.P. 56(e).

**7.** The judgment will also dismiss JMB's third-party complaint against S & C as moot.