# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ABDULLAH MUJAHID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N14C-06-249 CLS |
| | ) | |
| IRON HILL APARTMENTS | ) | |
| ASSOCIATES, LP, and | ) | |
| RIMSI CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted: March 11, 2016
Date Decided: June 9, 2016

On Defendants' Motion for Summary Judgment. **DENIED**.

## ORDER

Adam R. Elgart, Esquire, Mattleman, Weinroth & Miller, P.C., Newark, Delaware, Attorney for Plaintiff.

Gary H. Kaplan, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware, Attorney for Defendants.

**SCOTT, J.**

On this 3rd day of June, 2016, and upon Defendants', Iron Hill Apartments Associates, LP ("IHA"), and RIMSI Corporation ("RIMSI") (collectively, "Defendants"), Motion for Summary Judgment, it appears to the Court that:

1.     This negligence action arises from a fall sustained by Plaintiff, Abdullah Mujahid ("Mr. Mujahid") outside of his apartment ("the Premises") on December 25, 2014.  In his complaint, Mr. Mujahid alleges that, at the time of his fall, he was lawfully present on the Premises as a business invitee and that Defendants, who were in control of the Premises at that time, breached their duty of care owed to him when they allowed a dangerous and defective condition to remain on the Premises, which caused him to fall and sustain injuries.

2.     It is undisputed that around 11:00 pm on the evening prior to his fall, Mr. Mujahid became aware that it was snowing, and then, when he exited the apartment building the next morning around 5:30 am, he saw that it had stopped snowing and that there was snow on the ground.  Nevertheless, Mr. Mujahid proceeded outside in order to get to the gym.

3.     It is undisputed that as Mr. Mujahid descended the flight of steps outside, holding onto the banister on the right-hand side as he did, he saw a glimmer ahead of him on the ground to the right, which he believed to be a combination of snow and ice.  As a result, he altered his course by stepping

2

to the left and letting go of the banister, but he did not look to the left, where he was going. Mr. Mujahid then slipped and fell.

4.      Defendants contend that because Mr. Mujahid knowingly walked onto the snow and ice, which caused him to fall, and never looked in the direction in which he was walking when he did so, he was negligent. Defendants appear to imply that, thus, Mr. Mujahid's alleged negligence is an undisputed fact for purposes of summary judgment.

5.      In response, Plaintiff does not dispute the fact that, as he moved to the left, his attention remained focused on the glimmer; however, he points to specific evidence that (i) even though he testified that he was looking left, the walkway is narrow enough to support an inference that he would have seen where he was walking while not specifically looking in that direction, and (ii) the walkway on which he fell was the only path from his apartment building to the parking lot.

6.      Defendants further contend that, because Mr. Mujahid's status at the time of his fall was that of a business invitee, they did not owe him a duty of care under the circumstances, because there can be no expectation that he would not discover that it had snowed when it is undisputed that he saw the snow but chose to proceed anyway, citing to § 343 of the Restatement (Second) of Torts.

3

7.     Section 343, which has been adopted in Delaware for determining the status of occupiers of land in the context of tort claims, subjects possessors of land to liability for physical harm caused to invitees by a condition on the land, if, *inter alia*, such possessors should expect that they will not discover or realize the danger, or will fail to protect themselves against it.[1] However, the Delaware Supreme Court addressed long ago the duty of a landlord to its invitee under the specific circumstances before us now and determined that a landlord owes his tenants the duty of reasonable care to keep and render safe, by removing natural or artificial accumulations of snow and ice, common areas and approaches over which he has retained control to the exclusion of tenants.[2]

8.     Because Defendants have not provided any case law to support what appears to be a contributory or comparative negligence defense that they have infused into the elements required to make out a *prima facie* case of negligence or otherwise recognized and considered the applicability of the more specific rule enunciated by the Delaware Supreme Court, which

---

[1] *DiOssi v. Maroney*, 548 A.2d 1361, 1365-66 (Del.1988).

[2] *Young v. Saroukos*, 185 A.2d 274, 282 (Del. 1962), *cited with approval in Monroe Park Apts. Corp. v. Bennett*, 232 A.2d 105, 108 (Del. 1967); *see Woods v. Prices Corner Shopping Ctr. Merchs. Ass'n*, 541 A.2d 574, 578 (Del. Super. 1988) ("[A] landowner or occupier has an affirmative duty to keep the premises reasonably safe from the hazards associated with natural accumulations of ice and snow.").

imposes an affirmative duty on a landowner to keep premises reasonably safe, this argument must fail.[3]

9. Defendants further contend that, under the Continuing Storm doctrine, they did not breach any duty owed to Plaintiff, because Mr. Mujahid testified that the snow stopped falling some time after 11:00 pm and the accident occurred before sunrise on Christmas day, it is clear that they were not afforded a reasonable amount of time in which to address the snowfall.

10. In response, Plaintiff argues that whether a reasonable amount of time had yet to pass before Defendants breached their duty of care is not conclusively determined by the fact that it was Christmas morning or that Mr. Mujahid was determined to get to the gym and did not go back to his apartment. Further, Plaintiff contends that it was unreasonable for Defendants not to have provided shovels, salt, sand, or ice melt for its residents' use on the only path of egress before the completion of snow removal by Defendants.

11. What is now often referred to as the Continuing Storm Doctrine is the second half of the rule enunciated in *Young*, which recognizes that the

---

[3] Even if the Court were to argue Defendants' case for them, the result would be the same, because, when faced with a similar argument in *DiOssi*, the Delaware Supreme Court found that the defendant's argument "raises an issue analogous to contributory negligence or assumption of risk [and] [s]uch questions are fact intensive and not susceptible to disposition, as a matter of law, through summary judgment." 548 A.2d at 1368 (citing *Binsau v. Garstin*, 177 A.2d 636, 639 (Del. 1962)).

landowner's duty is not "an absolute duty to make safe [the premises] from the hazards of natural accumulations of ice and snow in the nature of strict liability."[4] Because "[w]hat is required is that the [landowner] must take reasonable steps to make the premises safe," under the Continuing Storm Doctrine, the landowner "is entitled to await the end of the snowfall and a reasonable time thereafter to take reasonable action to make safe the hazardous condition created by the natural accumulation of ice and snow."[5]

12. The Court may grant summary judgment if the moving party establishes that there are no genuine issues of material fact in dispute and judgment may be granted as a matter of law.[6] All facts are viewed in a light most favorable to the non-moving party.[7] When the facts permit a reasonable person to draw only one inference, the question becomes one for decision as a matter of law.[8] If the non-moving party bears the burden of proof at trial, yet "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment may be granted against that party.[9]

---

[4] *Woods*, 541 A.2d at 578.

[5] *Id.* (citing *Young*, 185 A.2d at 282).

[6] Super. Ct. Civ. R. 56(c).

[7] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[8] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

[9] *Kennedy v. Encompass Indem. Co.*, 2012 WL 4754162, at *2 (Del. Super. Sept. 28, 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

13. Defendants' only remaining argument that there is no evidence that Defendants' delay in removing the snow, as possessors of land in control of the Premises, was unreasonable such as would constitute a breach of their duty of care owed to Plaintiff is without merit. Defendants have not demonstrated that a reasonable person could only draw one inference from the facts, *i.e.*, that Defendants did not act unreasonably under the circumstances, such that they are entitled to judgment as a matter of law. Furthermore, Plaintiff has proffered evidence from which a reasonable person could infer that Defendants acted unreasonably under the circumstances and, thus, breached their duty of care.[10]

14. For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

_____
**Judge Calvin L. Scott, Jr.**

cc: Prothonotary

---

[10] *See Woods*, 541 A.2d at 578 (declining to grant summary judgment to defendants in case where plaintiff fell in the defendant's parking lot, which was covered in snow and ice from snowfall during the week preceding the plaintiff's fall, because "[t]he reasonableness of any delay in the landowner or occupier's actions should be treated as would any question of fact" and, thus, "it is a question for the jury as to whether the defendants' conduct was reasonable in light of the circumstances of this case.").

7