# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HELENA GARVIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-02-072 CEB |
| | ) | |
| WILCOX LANDSCAPING, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 13, 2019
Decided: September 27, 2019

## ORDER

*Upon Consideration of Defendant's*
*Motion for Summary Judgment.*
**GRANTED**.

This 27th day of September 2019, upon consideration of Defendant's Motion for Summary Judgment, it appears to the Court that:

1.     This is a personal injury action in which the Plaintiff alleges that she suffered injuries as a result of a fall she took outside an office building in Newark, Delaware.

2.     Defendant is the contractor whose responsibilities included snow and ice removal from the sidewalks around the building.[1]  Plaintiff alleges that Defendant

---

[1] Defendant's Motion for Summary Judgment at 1.

was negligent by not removing accumulated ice and snow from the sidewalk.[2] She alleges that Defendant's negligence caused her slip and fall and resultant injuries.[3]

3.     As developed in discovery, on February 15, 2016, the Plaintiff heard from a co-worker that it was icy outside.[4] She went to her car to allow it a few minutes to warm up before ending her shift at 9 pm.[5] As Plaintiff exited the front of the building, at or around 8:50 pm, she felt that it was raining.[6] She also noticed ice on the sidewalk.[7] Upon taking a few steps out of the building, she slipped, fell and after a brief period of unconsciousness, was awakened by the rain hitting her face.[8] Plaintiff's own weather data shows a continuous period of light snow, fog and freezing rain from mid-morning until late night on the evening Plaintiff fell.[9]

---

[2] Complaint at 1.

[3] *Id.*

[4] Deposition of Helena L. Garvin, at 65.

[5] *Id.* at 56, 57.

[6] *Id.* at 65 (Q: It was actively raining when you went outside, right?
    A: Yes.
    Q: Was it actively raining when you fell?
    A: Yes.).

[7] *Id.* at 66.

[8] *Id.* 67.

[9] Plaintiff's Response, Ex. B.

4.    A commercial party generally has an affirmative duty to make its premises safe for business invitees.[10] A business owner must also keep the premises safe from accumulations of snow and ice.[11] The continuing storm doctrine suspends this duty and permits the owner to wait a reasonable time after the storm ends before removing ice and snow from an entranceway, platform or steps.[12] The policy behind this exception is that due to rapidly changing weather conditions during a storm, it is inexpedient and impracticable to take earlier action.[13]

5.    The Defendant argues that it is entitled to judgment as a matter of law because the continuing storm doctrine suspended its duty to make the premises safe until a reasonable time elapsed after the storm ended.[14]

6.    Plaintiff argues that the continuing storm doctrine only raises contested issues of fact and the contested facts should be determined by a jury.[15]    Plaintiff

---

[10] *Woods v. Prices Corner Shopping Center Merchants Assoc.*, 541 A.2d 574, 577 (Del.Super.1988).

[11] *Monroe Park Apts. Corp. v. Bennett*, 232 A.2d 105, 108 (Del. 1967).

[12] *See Young v. Saroukos*, 185 A.2d 274, 282 (Del. 1962). This Court has previously surveyed the continuing storm doctrine. *See Demby v. Delaware Racing Association*, 2016 WL 399136, (Del. Super. Ct. Jan. 28, 2016) and *Saienni v. 3 Mill Park Court LLC*, 2016 WL 7105945, (Del. Super. Ct. November 28, 2016).

[13] *Id.* at 282.

[14] Defendant's Motion for Summary Judgment at 3:5.

[15] Plaintiff's Response at 2.

3

suggests the storm was not continuous, "there were multiple periods of time when no precipitation was falling."[16] Plaintiff states there were periods of overcast, earlier in the day, according to the submitted weather report from 6:51 am – 9:51 am.[17]

7.  This Court will grant summary judgment where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[18] The moving party bears the initial burden of showing that the undisputed facts make judgment appropriate.[19] If that burden is satisfied, the burden shifts to the non-moving party to demonstrate that there are material issues of fact that must proceed to trial.[20]

8.  Here, Plaintiff testified under oath that it was raining when she exited the building.[21] The weather data submitted by Plaintiff shows freezing temperatures all day.[22] Her description of the weather conditions made it clear that she and her

---

[16] Plaintiff's Response, at 2; Plaintiff's Response Ex. B.

[17] Plaintiffs Response, at Ex. B.

[18] Super. Ct. Civ. R. 56(c).

[19] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[20] *See Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[21] Defendant's Motion for Summary Judgement Ex. A, at 53:10; 54:6; 65:14; and 68:12.

[22] Plaintiff's Response, Ex. B.

4

co-workers were aware that it was snowing and/or raining most of the day and the storm had not ceased.[23] Plaintiff went outside specifically aware of the continuing storm in order to warm up her car.[24] She put on her snow boots to protect from the accumulated snow and ice.[25] Plaintiff's exhibit shows continuous inclement conditions (various periods of light snow, ice and freezing rain) from 10:51 am and persisting well after 8:51 pm when Plaintiff fell.[26] There are no contested issues of material fact for a jury to decide. The evidence and deposition testimony show the storm had not ceased. Defendant's duty to remove accumulated snow or ice was not triggered until a reasonable time after the storm abated. Defendant is entitled to judgment as a matter of law.

9.      For the reasons set forth herein, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

Judge Charles E. Butler

---

[23] *Id.*

[24] Deposition of Helena L. Garvin at 65.

[25] *Id.* at 66.

[26] Plaintiff's Response, Ex. B at 2.