# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

DANNY J. SCHNARES,                    )
                                      )
      Plaintiff,        )
                                      )
      v.               )      C.A. No. N14C-02-078 JRJ
                                      )
GENERAL FLOOR INDUSTRIES,             )
INC., and COMMONS                     )
BOULEVARD, L.P.,                      )
                                      )
      Defendants.      )

## ORDER

**AND NOW TO WIT,** this 3rd day of September, 2015, upon consideration of Defendants' Motion for Summary Judgment Pursuant to Superior Court Rule of Civil Procedure 56(b); Plaintiff's Opposition to Defendant Common Boulevard LP's Motion for Summary Judgment; Defendant Commons Boulevard, LP's Reply to Plaintiff's Opposition to Summary Judgment; and Defendant General Floor Industries, Inc.'s Reply in Support of Defendants' Motion for Summary Judgment,

**IT APPEARS THAT:**

1. Defendant General Floor Industries, Inc. is a flooring store located at 4 Bellecor Drive, New Castle, Delaware.[1]  Defendant Commons Boulevard, L.P. is

---

[1] Compl. ¶ 2 (Trans. ID. 54972380)

the owner of the property (collectively "Defendants").[2]  Plaintiff Danny J. Schnares filed the underlying complaint seeking to recover damages for personal injuries he sustained as a result of a slip and fall on ice in the Defendants' parking lot.[3]  Plaintiff alleges that Defendant Common Boulevard, as owner of the parking lot, and Defendant General Floor as possessor of the parking lot, were negligent in failing to take reasonable measures to make the premises safe for Plaintiff as a business invitee.[4]

2.  On March 25, 2015, Defendants' filed the instant Motion for Summary Judgment Pursuant to Superior Court Rule of Civil Procedure 56.[5]  On a motion for summary judgment, the Court views all facts in a light most favorable to the non-moving party, and determines whether a genuine issue of material fact exists.[6] The Court will only grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[7]

3.  Defendants contend that they owed no duty to the Plaintiff as an invitee because Plaintiff was aware of the unsafe conditions.  Defendants further argue

---

[2] *Id.* ¶ 3.
[3] *Id.* ¶ 5.
[4] *Id.* ¶ 6.
[5] Defendant Commons Boulevard LP's Motion for Summary Judgment ("Mot. Summ. J.") (Trans. ID. 56974507); Defendant General Floor Industries, Inc.'s Notice of Adoption of Defendant Commons Boulevard, LP's Motion for Summary Judgment (Trans. ID.56983244).
[6] *Storm v. NSL Rockland Place LLC*, 898 A.2d 874, 879 (Del. Super. 2005).
[7] *J.L. v. Barnes*, 33 A.3d 902, 911 (Del. Super. 2011); *Storm*, 898 A.2d at 879.

that, pursuant to the Continuing Storm doctrine, they owed no legal duty to begin ice removal because it was snowing at the time Plaintiff allegedly fell.

4. Generally, owners and occupiers of commercial property have a duty to exercise reasonable care to keep the premises safe for all business invitees.[8] "This includes remedying dangerous conditions of which the landowner is aware or, through reasonable inspection, should discover."[9] "[T]he invitee's awareness of the danger is not relevant to the duty of the business owner because the business owner should expect that the invitee will proceed to encounter the danger . . . ."[10]

5. In the context of snow and ice, "it is well-settled that a landowner has an affirmative duty to its business invitees to keep its premises 'reasonably safe' from the dangers posed by the natural accumulation of snow and ice."[11] The exception to this general rule is the Continuing Storm doctrine, which provides that, "as a matter of law, the landowner acts reasonably in waiting until a storm ends before being required to clear any entrances."[12] Stated differently, "the Continuing Storm doctrine provides landowners a reasonable period of time to clear snow from their

---

[8] *Talmo v. Union Park Auto.*, 2012 WL 730332, at *2 (Del. 2012).

[9] *Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *2 (Del. Super. 2012) *aff'd,* 58 A.3d 982 (Del. 2012).

[10] *Woods v. Prices Corner Shopping Ctr. Merchants Ass'n*, 541 A.2d 574, 578 (Del. Super. 1988).

[11] *Elder*, 2012 WL 2553091, at *2.

[12] *Cash v. E. Coast Prop. Mgmt., Inc.*, 7 A.3d 484 (Del. 2010) (citing *Morris v. Theta Vest, Inc.*, 2009 WL 693253 (Del. Super. 2009) *aff'd,* 977 A.2d 899 (Del. 2009)).

premises before their duty to business invitees is breached."[13] In *Cash v. East Coast Property Management, Inc.*,[14] the Delaware Supreme Court affirmed this Court's holding that, "a landowner has no legal duty to begin ice removal until precipitation has stopped, regardless of the severity of the storm."[15]

6. Summary judgment under the Continuing Storm doctrine is inappropriate in this case because there is a factual dispute as to when the storm started and whether the Plaintiff fell during a storm.[16] According to the weather report submitted by the Defendants, there were 0.00 inches of precipitation at the time of the alleged fall,[17] and Defendant General Floor's answers to Plaintiff's interrogatories state, "[a]t the time Plaintiff drove onto the parking lot, it was not snowing."[18] Plaintiff, however, testified during his deposition that it was flurrying when he arrived at the Defendants' parking lot.[19]

7. Despite Plaintiff's alleged awareness of the ice patches, the Defendants had a duty to exercise reasonable care toward Plaintiff as a business invitee. It is

---

[13] *Elder*, 2012 WL 2553091, at *3.

[14] *Cash v. E. Coast Prop. Mgmt., Inc.*, 7 A.3d 484 (Del. 2010).

[15] *Cash v. E. Coast Prop. Mgmt., Inc.*, 2010 WL 2336867, at *2 (Del. Super. 2010) *aff'd,* 7 A.3d 484 (Del. 2010).

[16] *See Elder*, 2012 WL 2553091, at *4 ("Where the facts are contested and various inferences may be reasonably drawn from them regarding the start and end of a snow storm, it must be left to the jury to determine whether, under the conditions presented, the landlord's conduct in failing to clear the snow was reasonable.").

[17] Mot. Summ. J., Ex. B (*available at* http://www.wunderground.com/history/ ("Wilmington Delaware;" "January 25, 2013")).

[18] Plaintiff's Opposition to Defendant Common Boulevard LP's Motion for Summary Judgment, Ex. B (Trans. ID. 57125358).

[19] Mot. Summ. J., Ex. A.

for the jury to decide whether the Defendants breached this duty under the particular circumstances of this case.

**NOW THEREFORE,** Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

_____

Jan R. Jurden, President Judge