# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LISA DONOVAN,                            )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )    C.A. No. N16C-05-068 CLS
                                         )
WAWA, INC., a foreign corporation,       )
                                         )
        Defendant.                       )
                                         )

Decided:  October 17, 2017

On Defendant Wawa, Inc.'s
Motion for Summary Judgment.  **DENIED.**
On Plaintiff's Motion to Compel Discovery. **GRANTED IN PART.**
On Defendant's Motion for Protective Order. **DENIED.**

## **ORDER**

Plaintiff, Lisa Donovan ("Plaintiff"), filed a premises liability action on May 6, 2016 arising out of an alleged slip and fall in Defendant Wawa, Inc.'s ("Defendant") parking lot on June 5, 2014.  Plaintiff alleges that she slipped and fell on "hoagie guts," or discarded pieces of a sandwich. There are numerous motions before the Court.  This Order addresses Defendant's Motion for Summary Judgment and Plaintiff's Response in Opposition, Plaintiff's Motion to Compel, and Defendant's Response in Opposition and Motion for Protective Order.

## I. Defendant's Motion for Summary Judgment and Plaintiff's Response in Opposition.

Defendant filed a Motion for Summary Judgment[1] on May 18, 2017. Defendant conceded in its Motion that Plaintiff was on the parking lot as a business invitee, and that the duty to a business invitee is to "exercise due care to keep the property in a reasonably safe condition as to any condition which is known to the business operator or which should have been known in the exercise of reasonable care or diligence."[2]  Defendant alleges that pursuant to this standard, it allows Defendant a "reasonable opportunity to correct the condition after discovery or the time when it 'reasonably' should have been discovered."[3] Defendant also argues that Plaintiff's allegations of negligence are specific, highly technical, and clearly beyond the knowledge of the average person. Defendant argues that failing to identify a liability expert is fatal to Plaintiff's case because an essential element of the negligence suit, proximate cause, cannot be established without an expert. Defendant contends that Plaintiff's claims are "directed towards establishing the

---

[1] It seems that the parties converted a Motion to Dismiss into a Motion for Summary Judgment. The filing, transaction number 60619656 filed by Defendant, was labeled as a "Motion to Dismiss" on File & Serve, as well as titled "Motion to Dismiss" on the document itself.  However, the body of the Motion states that "Defendant moves now for Summary Judgment pursuant to Rule 56." Plaintiff's Response was filed as "Response to Motion for Summary Judgment." Neither party addressed the issue.

[2] Defendant Wawa cites to *Woods v. Prices Corner Shopping Center Merchants Ass'n,* 541 A.2d 574, 575 (Del. Super. 1988).

[3] Wawa cites *Woods*, 541 A.2d at 575.

2

standard to which Defendant should be held" which is Defendant's "own standard, rather than a generic or universal standard of retail safety and management set forth by a retained expert." On the other hand, Plaintiff argues that an expert is unnecessary because the need to sweep up trash in a parking lot is something all laypersons understand. Plaintiff argues that this case is "nearly identical" to *Hazel*, and Defendant has also failed to meet its burden to produce evidence demonstrating there are no genuine issues of fact.

"It is well established under Delaware law that as a general rule the standard of care applicable to a profession can only be established through expert testimony. An exception to this rule exists, however, when a professional's mistake is so apparent that a layman, exercising his common sense is perfectly competent to determine when there was negligence."[4] The Supreme Court in *Hazel* explained:

> In an action for personal injuries resulting from a defendant's breach of its "duty to keep the [ ] store premises in a reasonably safe condition for the use of the [ ] customers, the plaintiff must show that (1) there was an unsafe condition in the defendant's store (2) which caused the injuries complained of, and (3) of which the storekeeper had actual notice or which could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary. Conversely, a defendant moving for summary judgment has the burden of producing evidence of necessary certitude demonstrating that there is no genuine issue of fact relating to the question of

---

[4] *Roberts v. Daystar Sills, Inc.,* 2008 WL 8203205, at *2 (Del. Super. Dec. 8, 2008)(internal quotations omitted).

negligence and that the proven facts preclude the conclusion of the negligence on its part.[5]

In *Hazel*, the court found that expert testimony was not required when the plaintiff fell in the frozen food aisle of a grocery store because "it is within the common knowledge of a lay jury whether water on the floor, in the aisle of a public grocery store, creates an unsafe condition."[6] Similarly, in *Brown*, expert testimony was not required as to whether a mop, which caused a child's injuries, was defectively designed because the mop was "so basic that it should be understood by the average juror, and that the average juror should be able to evaluate whether [the] mop was defective."[7] Conversely, in *Abegglan*, this Court determined that an expert was needed where a plaintiff claimed that a ceiling tile fell on the plaintiff due to an allegedly ill-repaired ice machine, and the tile caused injuries to the plaintiff.[8] This Court noted that "jurors would be unable to sufficiently determine whether there was negligence," and "a layperson would be unable to form an intelligent judgment, without the aid of an expert, as to whether the repairman's actions fell below the standard of care and caused the ceiling tile to fall or whether the leaking of water

---

[5] *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 709 (Del. 2008)(internal quotations omitted).

[6] *Roberts*, 2008 WL 8203205, at *2 (citing *Hazel*, 953 A.2d 705).

[7] *Brown v. Dollar Tree Stores, Inc.*, 2009 WL 5177162, at *4 (Del. Super. Dec. 9, 2009).

[8] *Abegglan v. Berry Refrigeration Co.*, 2005 WL 6778336 (Del. Super. Dec. 2, 2005).

prior to the repair caused the tile to fall."[9] Likewise, the court in *Vohrer* determined that the plaintiff's case was similar to the plaintiff in *Abegglan*, and different than the plaintiffs in *Hazel* and *Brown*, when a plaintiff allegedly received an electrical shock from a stove.[10] The court held that "[w]hile a kitchen stove may be a common household item, the stove's electrical wiring and circuitry, as well as the wiring of the outlet to which the stove is connected, are not matters within the common knowledge of the layperson."[11] Finally in *Roberts*, a plaintiff sued defendants when he fell off scaffolding at a construction site.[12] This Court held that the plaintiff needed to produce expert testimony on the standard of care at a construction site.[13] The court noted that "a lay jury is not acquainted with routine practices observed at a closed construction site. A lay jury has common knowledge of what conditions are expected and reasonable in a grocery store or when walking down a residential street but the determination of what conditions are expected and reasonable at a closed construction site requires specialized knowledge. Without an expert to explain the routine practices and acceptable conditions at a closed construction site, where trade

---

[9] *Id.* at *3.
[10] *Vohrer v. Kinnikin*, 2014 WL 1203270 (Del. Super. Feb. 26, 2014).
[11] *Id.* at *4.
[12] *See Roberts,* 2008 WL 8203205.
[13] *Id.*

persons are trained to work in and around precarious conditions, the jury would be left to speculate as to the standard of care."[14]

Based on the arguments before the Court, the Court finds that an alleged slip and fall on "hoagie guts" reflects the holdings of *Hazel* and *Brown*, and is different from *Roberts*, *Abegglan,* and *Vohrer*. Whether Defendant was negligent in cleaning up "hoagie guts" in its parking lot, is within the intelligence of a layperson. As this Court stated in *Roberts*, a lay jury has common knowledge of what conditions are expected and reasonable in a grocery store or when walking down a residential street. A splattered hoagie in the parking lot of a Wawa is no different than water on the floor in a grocery store. Thus, lay jury has common knowledge of what conditions are expected and reasonable in a convenience store parking lot, and Plaintiff does not need an expert to testify to the standard of care. Additionally, Defendant has not met its burden demonstrating that there are no genuine issues of material fact. However, the Court finds that Plaintiff's allegation in ¶5(m) requires expert testimony. The allegation states that Defendant was negligent in that it "failed to maintain the premises up to the applicable codes and regulations." The court finds

---

[14] *Roberts,* 2008 WL 8203205, at *2. *See also Small v. Super Fresh Food Markets, Inc.*, 2010 WL 530071, at *3-4 (Del. Super. Feb. 12, 2010)("This Court will not require Plaintiff to produce an expert to testify as to the applicable standard of care required of the grocer in this case.").

that this is outside the common knowledge of the lay jury. Defendant's Motion for Summary Judgment is hereby **DENIED**.

## II. Plaintiff's Motion to Compel, Defendant's Opposition to Plaintiff's Motion to Compel, and Defendant's Motion for Protective Order.

Defendant filed a Motion to Quash Discovery on May 18, 2017. Plaintiff filed a Motion to Compel Discovery on June 5, 2017. Subsequently, Defendant filed a Response in Opposition to Plaintiff's Motion to Compel, and its own Motion for a Protective Order. In this Response, Defendant withdrew its Motion to Quash. Plaintiff's Motion to Compel states that Plaintiff filed her Second Request for Production on December 21, 2016, a request to depose Defendant supervisor Leah "Renee" Lust on May 12, 2017, and First Requests for Admission, Second Set of interrogatories and Third Request for Production on May 16, 2017. Plaintiff states that counsel notified Defendant on May 16 that Defendant had failed to file a response to Plaintiff's Second Request for Production, and Defendant's counsel did not respond.

Defendant argues that there is sufficient good caused for the Court to deny Plaintiff's Motion to prevent an undue burden or expense upon Defendant, and additionally grant Defendant's Motion for Protective Order. Additionally, Defendant argues that without an expert, Plaintiff will not obtain relevant information for use at trial. Specifically, Defendant argues that Plaintiff's requests are irrelevant and subject to privilege under Delaware Rules of Evidence 507.

7

Additionally, Defendant states that all discovery regarding the store surveillance system is irrelevant, untimely, and moot because Defendant conceded it will not oppose a potential spoliation instruction. Finally, Defendant contends that Plaintiff has conducted extensive discovery in this case, which includes depositions of six associates. Defendant avers that additional discovery is cumulative, unduly burdensome, and unnecessarily expensive compared to the needs of the case, the amount in controversy, and the issues at stake in this litigation.

The discovery issues before the Court involves the following: Plaintiff's Second Request for Production (December 21, 2016), Plaintiff's Third Request for Production (May 16, 2017), Plaintiff's Second Set of Interrogatories (May 16, 2017), Plaintiff's First Requests for Admission Directed to Defendant (May 16, 2017) and the production of a seventh employee, Leah Lust, for a deposition (May 12, 2017). "Delaware Superior Court Rule of Civil Procedure 26(b)(1) states '[p]arties may obtain discovery regarding any matter, not privileges, which is relevant to the subject matter involved in the pending action'."[15] Additionally, "it is now well-recognized that a broad and liberal discovery process has been designed and adopted to avoid surprises during civil litigation" in this State.[16] Under this rule, "the Court shall limit the extent of discovery if it determines that the 'discovery sought is unreasonably

---

[15] *Hunter v. Bogia*, 2015 WL 5050648, at * 4 (Del. Super. July 29, 2015).
[16] *Id.*

cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive'."[17] Defendant argues that Plaintiff's requests will not produce information on the issue of negligence or proximate cause, and the information is irrelevant and subject to privilege. D.R.E. 507 states:

> A person has a privilege, which may be claimed by him or his agent or employee, to refuse to disclose and to prevent other persons from disclosing a trade secret, owned by him, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. If disclosure is directed, the court shall take such protective measures as the interest of the holder of the privilege and of the parties and the interest of justice may require.

Defendant has not established that the information Plaintiff seeks, such as the staffing guidelines, records from manager meetings, and incident or safety kits are trade secrets. So long as these requests are tailored to the particular incident before the Court, the Court does not take issue with these requests. However, the Court finds that Plaintiff is not entitled to compel discovery about criminal activity on Defendant's premises, information related to "the high number of intoxicated customers/patrons frequenting the store," or why Defendant's store changed from a "24-hour" store to an "18-hour" store. The Court believes that this information is not relevant, nor will answers to these requests lead to information relevant or pertinent to this litigation. This litigation does not revolve around possible criminal

---

[17] *Gemalto, Inc. v. Merchant Customer Exchanges, LLC*, 2015 WL 5168261, at * 1 (Del. Super. Sept. 3, 2015).

activity in Defendant's parking lot. Rather, it is about an alleged slip and fall on leftover food. Additionally, Plaintiff is not entitled to compel Defendant to respond to Plaintiff's First Request for Admission or interrogatories based on the surveillance footage. The subject matter of Plaintiff's First Request for Admission relates to non-existent surveillance footage of the incident. As Defendant states in its response to Plaintiff's Motion to Compel, Defendant conceded that if Plaintiff moves for a spoliation instruction Defendant has no basis to oppose that request. Thus any discovery request based on spoliation of the surveillance footage is moot. Finally, the Court does not take issue with Plaintiff's request to depose Leah "Renee" Lust, the supervisor of Defendant's store. For the aforementioned reasons, Defendant's Motion to Compel is **GRANTED IN PART**. Defendant's Motion for a Protective Order is **DENIED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**
