# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

BETTY FOREMAN,                          :
                                        :
        Plaintiff,           :      K17C-01-009 JJC
                                        :      In and for Kent County
        v.                   :
                                        :
TWO FARMS, INC., and MOORES             :
LAKE SHOPPING CENTER, LLC,              :
                                        :
        Defendants.          :

Submitted:  July 27, 2018
Decided:  August 16, 2018

## <u>ORDER</u>

On this 16th day of August 2018, having considered Defendants Two Farms, Inc. and Moores Lake Shopping Center, LLC's (hereinafter collectively "Defendants") motion for summary judgment, and Plaintiff Betty Foreman's (hereinafter "Ms. Foreman's") response in opposition, it appears that:

1.      On February 28, 2015, Ms. Foreman allegedly slipped and fell on ice and snow located on a sidewalk at a Royal Farms location owned and operated by Defendants.  Ms. Foreman sues Defendants, claiming they permitted snow and ice to remain on the sidewalk for an extended period of time.  She also separately claims Defendants failed to warn her of the allegedly dangerous condition.

2.      Here, Defendants move for summary judgment, arguing that that the snow and ice constituted an open and obvious danger and that they had no duty to warn business invitees of the dangerous conditions or to keep the premises

reasonably safe.[1]  In support of this motion, Defendants primarily rely on a photograph showing the icy conditions and witness testimony confirming the visible presence of ice and snow.  They argue that the evidence of record would require any reasonable jury to conclude that the dangerous conditions on that day were open and obvious.  Ms. Foreman counters that the allegedly open and obvious nature of the conditions of the premises is an issue for the jury, and that summary judgment is not appropriate because a reasonable jury could conclude that Defendants (1) breached their duty to warn her and (2) in any event, breached their duty to keep the premises reasonably safe.

3.      Summary judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2]  The Court must view the evidence in the light most favorable to the non-moving party.[3]  The burden of proof is initially on the moving party.[4]  However, if the movant meets his or her initial burden, then the burden shifts to the non-moving party to demonstrate the existence of material issues of fact.[5]  The non-movant's evidence of material facts in dispute must be sufficient to withstand a motion for judgment as a matter of law and sufficient to support the verdict of a reasonable jury.[6]

4.      Delaware courts follow Section 343 of the Restatement (Second) of Torts, which recognizes a landowner's liability for physical harm to a business invitee only if the landowner:

---

[1] At the same oral argument, the Court took Ms. Foreman's motion requesting a spoliation instruction regarding a destroyed surveillance video under advisement.  The Court will address that motion with a separate order.

[2] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[3] *Brozaka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[4] Super. Ct. Civ. R. 56(e); *Moore*, 405 A.2d at 680 (Del. 1979).

[5] *Id*. at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)).

[6] *Lum v. Anderson*, 2004 WL 772074, at *2 (Del. Super. Mar. 10, 2004).

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.[7]

5.      Under Delaware law, to prevail on a negligence claim, a plaintiff must prove: (1) that defendant owed plaintiff a duty and (2) the breach of such a duty proximately caused plaintiff's injury.[8]  When the parties include a landowner and a business invitee, the landowner has a duty to warn a business invitee about a condition that poses an unreasonable risk of harm if the landowner knows or should have known of that condition.[9]  Separately, a landowner has the duty to keep premises reasonably safe for business invitees.[10]  An "open and obvious danger" has been described as one that "create[s] a risk of harm that is visible, . . . is a well-known danger, or what is discernible by causal inspection . . . to those of ordinary intelligence."[11]  There is no duty to warn business invitees of an open and obvious danger.[12]  Generally, whether a dangerous condition exists and whether the danger was apparent to the plaintiff are questions for the jury.[13]  But in "very clear cases" this is not so.[14]

---

[7] *Yancy v. Tri State Mall Limited Partnership*, 2014 WL 2538805, at *2-3 (Del. Super. May 29, 2014) (citing Restatement (Second) of Torts § 343 (1965)).

[8] *Staedt v. Air Base Carpet, Inc.*, 2011 WL 6140883, at *2 (Del. Super. Dec. 6, 2011).

[9] *Id.*

[10] *DiOssi v. Maroney*, 548 A.2d 1361, 1367 (Del. 1988).

[11] *Macey v. AAA–1 Pool Builders & Serv. Co.*, 1993 WL 189481, at *3 (Del. Super. Apr. 30, 1993) (citations omitted).

[12] *Duran v. Eastern Athletic Clubs LLC*, 2018 WL 3096612, at *2 (Del. Super. June 7, 2018) (citations omitted).

[13] *Williamson v. Wilmington Hous. Auth.*, 208 A.2d 304, 306 (Del. 1965).

[14] *Duran*, 2018 WL 3096612, at *2.

6.     In *Woods v. Prices Corner Shopping Center Merchants Ass'n*, a plaintiff slipped and fell on ice and snow in the parking lot of the Prices Corner Shopping Center.[15]  It snowed three times in the week before her fall.[16] Temperatures were in the 0 to 10 degrees Fahrenheit range and the shopping center took no effort to remove ice and snow.[17]  In denying a defense motion for summary judgment, the Delaware Superior Court recognized that a business owner's duty to keep its business premises safe includes keeping it safe from natural accumulations of ice and snow.[18]  In doing so, the *Woods* court explicitly adopted the "Connecticut Rule" approach that is reflected in Section 343A of the Restatement (Second) of Torts,[19] which provides that:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*.[20]

Comment (f) to that section further provides that a landowner or occupier should expect harm to an invitee where:

> the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.[21]

---

[15] 541 A.2d 574, 575 (Del. Super. 1988).
[16] *Id.*
[17] *Id.*
[18] *Id.* at 576.
[19] *Id.*
[20] Restatement (Second) of Torts § 343A(1) (1965) (emphasis added).
[21] Restatement (Second) of Torts § 343A cmt. f  (1965).

7.    Defendants argue that if the Court were to hold as a matter of law that the condition at issue was "open and obvious" then there was no duty to warn in this instance as a matter of law. Defendants further argue that their separate duty to keep their premises reasonably safe would also be relieved on summary judgment upon such a finding. In this regard, Defendants conflate an alleged breach of a duty to warn with the duty to keep their premises reasonably safe. An open and obvious condition does not obviate a landowner's duty to keep its premises reasonably safe for its business invitees.

8.    Specifically in the context of ice and snow, the *Woods* court correctly held that the duty to take steps to make the premises reasonably safe from hazards is not discharged by:

> warning the invitee of the hazardous condition, because, under the "Connecticut Rule" and § 343A of the Restatement (Second) of Torts, the invitee's awareness of the danger is not relevant to the duty of the business owner because the business owner should expect that the invitee will proceed to encounter the danger, in spite of that awareness, in reliance upon the fact that the premises are held open to the invitee by the landowner or occupier. And, insofar as the rule […] impos[es] an affirmative duty upon the landowner or occupier to take reasonable steps to make the premises reasonably safe from natural accumulations of ice and snow, that same duty is also imposed upon all landowners and occupiers for the protection of their business invitees.[22]

9.    In this case, given the evidence of record showing snow and ice accumulation on a sidewalk immediately outside of an entrance to the Royal Farms, there is a genuine issue of material fact regarding a breach of such a duty. Although Defendants cite several cases to support their argument that a possessor of property has no duty to either warn *or* protect invitees from open and dangerous conditions, those cases are distinguishable because (1) none involve icy and snowy conditions

---

[22] *Woods*, 541 A.2.d at 577-78.

on the sidewalk of a premises open to business invitees and (2) most only address the duty to warn of a condition.[23] Here, the evidence of record establishes that a considerable period of time passed between the last snowfall and Ms. Foreman's fall. Defendants do not argue that this is a continuing storm doctrine matter. It is not. Under the continuing storm doctrine there is generally no duty to warn of or address icy conditions during a storm in progress, and it is reasonable for a landowner to wait for a reasonable period of time after a storm ends before removing natural accumulations of ice and snow created by a storm.[24] Here, in the absence of a continuing storm, whether the icy and snowy sidewalk created a dangerous condition and whether that danger was apparent to Ms. Foreman are questions properly submitted to a jury. Defendants' arguments are properly considered by a jury in the context of Ms. Foreman's alleged comparative negligence.[25]

10. As opposed to Defendants' duty to keep their premises reasonably safe, the effect of an allegedly open and obvious condition creates a closer call regarding Defendants duty to warn. Evidence of record includes a photograph of an ice and snow covered sidewalk providing strong evidence that the condition was open and obvious. On the other hand, Ms. Foreman's deposition testimony that she did not

---

[23] *See Niblett v. Penn R. Co.*, 158 A.2d 580, 583 (Del. Super. Ct. 1960) (summary judgment granted regarding a *duty to warn* claim before the enactment of Delaware's comparative negligence statute); *Jones v. Clyde Spinelli, LLC*, 2016 WL 3752409, at \*3-4 (Del. Super. July 8, 2016) (summary judgment granted regarding defendant's *duty to warn* in the premises liability context when plaintiff tripped over a space heater in the middle of the floor); *Brown v. Dover Downs, Inc.*, 2011 WL 3907536, at \*3-4 (Del. Super. August 30, 2011) (summary judgment granted because defendant did not owe plaintiff a duty to place a bath mat in the hotel room's bathtub and recognizing that summary judgment would not be appropriate when foreign substances would be involved before or after); *Macey*, 1993 WL 189481, at \*4 (summary judgment granted regarding defendant's *duty to warn* in the products liability context).

[24] *Laine v. Speedway, LLC*, 177 A.3d 1227, 1232-34 (Del. 2018).

[25] *See* 10 *Del. C.* § 8132 (stating that "the fact that the plaintiff may have been contributorily negligent shall not bar recovery by the plaintiff…where such negligence was not greater than the negligence of the defendant…, but any damages awarded shall be diminished in proportion to the amount of negligence attributed to the plaintiff.")

see the alleged hazard when exiting her car provides some evidence to the contrary. Given the general rule that these issues are almost entirely issues of fact, the decision regarding whether Defendants had a duty to warn in light of an allegedly open and obvious condition will also be for the jury given Delaware's comparative negligence statute.[26] The Court does not find this to be a "very clear case" that warrants removing the matter from consideration by a jury.

WHEREFORE, for the aforementioned reasons, Defendants Two Farms, Inc. and Moores Lake Shopping Center, LLC's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[26] *Id.*