# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EDWARD WIGGINS,

    Plaintiff,

    v.

CEDAR CHRISTINA CROSSING,
LLC and EASTERN LLC,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N23C-04-134 CLS

Submitted: May 28, 2025
Decided: June 17, 2025

**MEMORANDUM OPINION**

*Upon Consideration of Defendants' Motions of Summary Judgment,*
**GRANTED**.

Gary S. Nitsche, Esquire and James Gaspero, Jr., Esquire of NITSCHE & FREDRICKS, LLC, *Attorneys for Plaintiff*.

Arthur D. Kuhl, Esquire and Martin D. Page, Esquire of REGER RIZZO & DARNALL LLP, *Attorneys for Defendant Cedar Christina Crossing, LLC*.

Joshua D. Scheets, Esquire of MARSHALL DENNEHEY, P.C., *Attorney for Defendant Eastern, LLC*.

**SCOTT, J.**

This is a slip and fall case. Plaintiff fell in a parking lot and brought this suit claiming the defendants were negligent. Both defendants moved for summary judgment. For the reasons stated herein, defendants' motions are **GRANTED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The background underlying this case is fairly straightforward. At around 6:30 a.m. on January 27, 2022, Plaintiff Edward Wiggins slipped and fell while working for ShopRite collecting shopping carts at the parking lot owned at the time by Defendant Cedar Christina Crossing LLC ("Cedar").[1] Plaintiff claimed that his fall was due to the wet and icy condition in the parking lot.[2] More specifically, he slipped on an alleged presence of black ice.[3]

Six days before the incident, Defendant Eastern, LLC ("Eastern"), a plowing company contracted to manage wintry conditions in the parking lot, performed snow

---

[1] *See* Defendant Cedar Christina Crossing LLC's Motion for Summary Judgment for Failure to Establish Breach of Duty at 1–2, D.I. 39 ("Cedar MSJ"); Motion for Summary Judgment on Behalf of Defendant Eastern LLC at 1–2, D.I. 40 ("Eastern MSJ").

[2] *See* Cedar MSJ at 1–2; Eastern MSJ at 2.

[3] Eastern MSJ at 2; Plaintiff's Response in Opposition to Defendant, Cedar Christina Crossing LLC's Motion for Summary Judgment at 2, D.I. 50; Plaintiff's Response in Opposition to Defendant, Eastern LLC's Motion for Summary Judgment at 2, D.I. 51. As Plaintiff's oppositions to both motions are nearly identical, the Court cites to the briefings as "Pl.'s Opp'n."

removal services on January 20 and 21, 2022.[4]  There is no evidence of any wintry events occurred during those six days period.[5]

On April 14, 2023, Plaintiff initiated this action.[6]  After discovery, both Defendants move for summary judgment, arguing that Plaintiff failed to establish Defendants breached their duties of care.[7]  Plaintiff opposes.[8]  The Court heard oral arguments on May 28, 2025, and the matter is ripe for decision.

## STANDARD OF REVIEW

The burden of proof on a motion for summary judgment under Superior Court Civil Rule 56 falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9]  If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[10]  Summary judgment will not be granted if there is a material fact in dispute

---

[4] Cedar MSJ at 2; Eastern MSJ at 1.

[5] Cedar MSJ at 2; Eastern MSJ at 1–2.

[6] After a partial dismissal, Plaintiff added Eastern into this case in his Second Amended Complaint. *See* D.I. 17.

[7] *See* Cedar MSJ; Eastern MSJ.

[8] *See generally* Pl.'s Opp'n.

[9] Super. Ct. Civ. R. 56(c).

[10] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3–4 (Del. 1995); *see also Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[11] "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[12]

## DISCUSSION

Parties wasted no time explaining whether Plaintiff should be considered as an invitee or licensee. Nor would that change the outcome of the decision.

The elements of a negligence claim are well settled. To prevail on a claim for negligence, a plaintiff must prove that: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; (3) the breach proximately caused plaintiff's injury; and (4) plaintiff suffered damages due to the breach.[13]

The dispositive question at this juncture is whether Plaintiff has presented sufficient evidence to create a genuine issue of material fact that Defendants breached their duties. The Court takes guidance from *Ridgeway v. Acme Markets, Inc.*[14] As our Supreme Court has instructed in *Ridgeway*, when defendants present

---

[11] *Ebersole v. Lowengrub*, 180 A.2d 467, 469–70 (Del. 1962). *See also CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2015 WL 3863225, at *1 (Del. Super. June 8, 2015).

[12] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[13] *Roberts v. Delmarva Power & Light Co.*, 2 A.3d 131, 136 (Del. Super. 2009).

[14] 194 A.3d 372 (Del. 2018) (TABLE).

evidence of reasonable precautions taken to address hazardous conditions, the burden shifts to the plaintiff to raise a genuine factual dispute regarding negligence—"[t]he plaintiff must point to some breach of the duty of care."[15]

Here, both Defendants have met their initial burden. Eastern provided comprehensive documentation of its snow removal services performed on January 20 and 21, 2022, including detailed service reports and photo evidence.[16] There is no evidence presenting that any winter weather events occurred between these service dates and Plaintiff's fall six days later. Cedar presented security footage that captures both the incident and the parking lot conditions, showing a dry surface without visible snow, ice, or moisture.[17] The burden is shifted to Plaintiff to present evidence of negligence.

Plaintiff has failed to do so. Plaintiff's case rests entirely on his testimony that he slipped on black ice.[18] The video evidence directly contradicts Plaintiff's account of wet, unplowed conditions with visible snow and ice.[19] Plaintiff cannot create a factual dispute through testimony alone. Unlike cases where plaintiffs

---

[15] *Id.*

[16] *See* Eastern MSJ, Exs. A, B.

[17] *See* Cedar MSJ, Ex. B.

[18] During oral argument, the Court inquired whether Plaintiff may provide anything else in support of his case. Plaintiff's counsel conceded they had nothing else but maintained that Plaintiff's testimony was sufficient to survive summary judgment.

[19] *See* Eastern MSJ, Ex. C at 27–28, 87 ("Wiggins' Dep.").

presented evidence of obvious weather conditions[20] or specific maintenance failures,[21] Plaintiff offers only the theoretical possibility that black ice might form during cold temperatures and is undetectable by naked eyes.

Plaintiff's own deposition actually demonstrated that the shopping cart's locking wheels had some part to do with his fall.[22] But even accepting Plaintiff's assertion that black ice was the causation, he has failed to present how Defendants breached their duty of care. Plaintiff offers no evidence regarding what Defendants should have done differently, when they should have acted, or how their conduct fell below the applicable standard of care. This evidentiary void is fatal to Plaintiff's

---

[20] *Woods v. Prices Corner Shopping Ctr. Merchants Ass'n*, 541 A.2d 574, 575 (Del. Super. Ct. 1988) ("Snow had fallen three times during the week preceding plaintiff's fall and the temperature had been 0° and 10° Fahrenheit. The entire parking lot and the roadway were covered with packed snow and ice. It did not appear that it had been removed anywhere or that salt or sand had been used. Plaintiff was walking along the roadway portion of the lot toward the Sears store when she fell."); *Rowan v. Toys "R" Us, Inc.*, 2004 WL 1543238, at *1 (Del. Super. June 18, 2004) ("It had been raining that day. It was still misting when they walked from the parking lot into the store's entrance area. The defendant's incident report noted that it was 'raining.'").

[21] *Balzereit v. Hocker's SuperThrift, Inc.*, 2012 WL 3550495, at *2 (Del. Super. July 24, 2012) ("Plaintiff notes that as she was laying on the floor, some time later she heard someone who identified himself as a current or former Millville emergency medical technician state to the store manager something to the effect of, 'I think I see something on the floor over there.' Furthermore, Defendant's employee was restocking frozen foods, an activity known to potentially cause frost, condensation, and water leakage into the aisle."); *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 707 (Del. 2008) ("[Plaintiff], who was wearing 'flip-flops,' was pushing a shopping cart in the frozen food aisle … [Plaintiff] did not notice any water on the floor either before or after her fall, but indicated that she felt her legs 'slide,' and that after the fall she touched her calf with her hand, and her hand was wet.") (An employee of Defendant made a notation that he "saw a little bit of water" and later explained in the deposition that an inspection "revealed an amount of water on the floor about the size of a quarter.").

[22] *See* Wiggins' Dep. at 108 ("If it wasn't locked, I would have been fine. But because it was locked, I slipped, and that's how it came back on me.").

claim. As *Ridgeway* makes clear, once defendants demonstrate reasonable precautions, plaintiff must present "some evidence—by expert testimony or otherwise—on how the defendants breached their duty of care."[23] Plaintiff's bare assertion that black ice existed, without more, is insufficient to establish that Defendants breached their duties of care at this juncture.

## CONCLUSION

Under *Ridgeway* and its progeny, Plaintiff's testimony alone is not sufficient to create a genuine issue of material fact. Defendants have demonstrated reasonable precautions, and Plaintiff has failed to present evidence of breach. Therefore, Defendants' Motions for Summary Judgment are **GRANTED**.


**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*
The Honorable Calvin L. Scott

---

[23] *Ridgeway*, 194 A.3d at 372.